IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DUANE ERIK FREEMAN, SR.,

    *Plaintiff*,

v.

ANDREW SAUL, COMMISSIONER
OF SOCIAL SECURITY,

    *Defendant*.

No. 1:19-cv-01872-SB

---

Duane Erik Freeman, Sr., Newark, Delaware.

*Pro Se Plaintiff.*

Heather Benderson, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania.

*Counsel for Defendant.*

---

### MEMORANDUM OPINION

February 17, 2021

BIBAS, *Circuit Judge*, sitting by designation.

The Social Security Administration overpaid Duane Erik Freeman, and it wants its money back. Now, for the second time, Freeman challenges its refusal to waive that overpayment. Because this Court lacks jurisdiction, I must dismiss his suit.

### I. BACKGROUND

Due to a clerical error, the Administration gave Duane Erik Freeman nearly $70,000 extra in benefits. Def.'s Br., Ex. A at 9, D.I. 13-1. Once the Administration realized its mistake, it told Freeman to pay it back. *Id.* at 8. Freeman objected, and the Administration held the required hearing. At that hearing, Freeman conceded that he had been overpaid but argued that the Administration should waive that overpayment. *Id.* at 8–9. The Administration refused. *Id.* at 11, 13. So he sued. This Court upheld the Administration's decision. *Freeman v. Astrue*, No. 11-304, 2015 WL 3766085, at *7 (D. Del. June 16, 2015).

A few years later, Freeman asked the Administration to reconsider its decision or waive the overpayment—in short, to reopen his case. Compl. ¶¶27, 30, D.I. 1. It said no. *Id.* ¶33. He filed this suit, challenging the Administration's refusal and claiming that it violated due process. The Administration moved to dismiss his complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Freeman did not file a response.

### II. THIS COURT DOES NOT HAVE JURISDICTION OVER THIS SUIT

The Social Security Act "limits judicial review." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Since the Administration made its decision without a hearing, this Court does not have jurisdiction to review its refusal to reopen. And because Freeman's due process claims fail on their face, I cannot hear them either.

### A. I cannot review this refusal to reopen

Under the Act, courts can hear challenges only to a "final decision … made after a hearing." 42 U.S.C. §405(g). The Administration's refusal to reopen Freeman's case might be a final decision. *Smith v. Berryhill*, 139 S. Ct. 1765, 1774–76 (2019). It is the end of the road for Freeman's request. *Id.*; *Salinas v. R.R. Ret. Bd.*, __ S. Ct. __, 2021 WL 357253, at *4 (2021). And it decides Freeman's duties: he must still return the overpayment. *Smith*, 139 S. Ct. at 1776; *Salinas*, 2021 WL 357253, at *4–5. But the Administration did not make this decision after a hearing. So I cannot review it. *Califano*, 430 U.S. at 108.

The Administration did not owe Freeman another hearing. Freeman already had his required hearing on the merits. *Smith*, 139 S. Ct. at 1775. Neither the Act nor the regulations entitle him to a second one. After all, Freeman has no right to have his case reopened. If the Administration revisits a decision, it does so as "a matter of agency grace." *Smith*, 139 S. Ct. at 1775. The Administration "may" (not "will" or "shall" or "must") reopen its decision. 20 C.F.R. §404.987. It can exercise that discretion with or without a hearing. 42 U.S.C. §405(b); *Califano*, 430 U.S. at 108.

It is clear that I cannot review *this* refusal to reopen. But the current boundaries of judicial review of the Administration's decisions are a bit blurry. *See Smith*, 139 S. Ct. at 1774–75; *Salinas*, 2021 WL 357253, at *7. Perhaps I could review a refusal to reopen made *after* a hearing. Other courts will have to decide that. Here, *Califano* directly controls, so I must follow it. *Agostini v. Felton*, 521 U.S. 203, 237–38 (1997); *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989).

### B. Freeman did not plead plausible due-process claims

Even if I cannot hear other challenges to the merits of the Administration's decision, I can still hear constitutional ones. *Califano*, 430 U.S. at 109. I must construe Freeman's complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). He says that the Administration violated due process by not following its own regulations. But it did follow them. So he does not raise "colorable constitutional claims." *Califano*, 430 U.S. at 109.

First, Freeman complains that the Administration offset his 2018 tax refund without notice. Compl. ¶38. That was fine. True, the Administration must "send a written notice" before it passes the case on to the Department of Treasury to offset tax refunds. 20 C.F.R. §404.521; *see also* §404.502a. If one year's tax refund is not enough, the Department of Treasury keeps the case until it is paid off. §404.526. Notably, though, the Administration must send notice only once—when it refers the case, not each year the Treasury keeps the case. §404.521. Freeman does not claim that the Administration failed to send him written notice in 2008, when it passed his case to the Treasury. Compl. ¶¶23, 25. So this claim fails.

Next, Freeman asserts that the Administration cannot garnish his wages. He is a postal worker. Compl. ¶¶40–41. So, he claims, the regulations forbid it. *Id.* Not so. The Administration can deduct money owed to it from the wages of any federal employee. 5 U.S.C. §5514. No regulation says otherwise.

Finally, Freeman says that the Administration should not have offset his refund and garnished his wages while his waiver requests were pending. Compl. ¶¶31, 39. But the Administration had to pause only in response to the "*initial* waiver determination."

4

5

§ 404.506(b) (emphasis added). That happened nearly ten years ago. Def.'s Br., Ex. A at 8–12. Once that initial decision is made, the Administration will not pause its refund offset or wage garnishment in response to renewed waiver requests, like Freeman's here. §§ 404.523(a), 404.525, 404.527(b)(3).

\* \* \* \* \*

Freeman "seek[s] a second look at an already-final denial." *Smith*, 139 S. Ct. at 1778. I cannot give it to him. And he does not plead colorable procedural due process claims. So I must dismiss his suit for lack of jurisdiction. I do so without prejudice to his ability to file an amended complaint.